[No. A026779. First Dist., Div. One. Mar. 21, 1986.]

DONALD L. MURRISH, Plaintiff and Appellant, v.
INDUSTRIAL INDEMNITY COMPANY et al.,
Defendants and Respondents.

COUNSEL

Francis B. Mathews for Plaintiff and Appellant.

Anthony E. Wynne and McCarthy, Flowers & Roberts for Defendants and Respondents.

OPINION

RACANELLI, P. J.—This appeal concerns the timeliness of appellant-claimant's 90-day notice to a payment bond surety pursuant to Civil Code section 3091. The trial court determined that the required notice was untimely and granted judgment on the pleadings in favor of defendant. We affirm for the reasons stated.

*Procedural Background*

The relevant procedural background reveals the following: On September 14, 1981, appellant Murrish and R & D Watson, Inc., (hereafter Watson Company) entered into a contract whereby Watson Company would remove dirt from appellant's land for use in a public work project.[1] The complaint

---

[1]Of the three defendants named in the complaint (R & D Watson, Inc., the contractor, Donald Watson, the owner, and Industrial Indemnity, the bonding company), only Industrial Indemnity appears as a party in the appeal.

alleged that prior to October 30, 1981, Watson Company completed the contract, paid plaintiff, and "the contract did become fully executed and at an end"; that on or about October 30, 1981, Watson Company requested but was denied permission to remove additional dirt from appellant's land; that thereafter Watson Company trespassed on appellant's property and wrongfully converted some 11,670 additional cubic yards of dirt-fill for use in the public project.

On December 10, 1982, appellant served a preliminary bond notice on Watson Company and respondent Industrial Indemnity declaring his intention to claim compensation for the stolen fill and related damages.

On January 2, 1983, appellant filed a complaint against the named defendants for damages caused by the trespass and conversion. After filing its answer, respondent Industrial Indemnity moved for a judgment on the pleadings on the grounds that the December 10 bond notice was untimely thus barring enforcement of the payment bond claim.

On March 30, 1984, the trial court entered a minute order granting the motion.

On April 4, 1984, appellant filed a notice of appeal challenging that order.[2]

## Discussion

■ Appellant contends the issue of timeliness is irrelevant because he is exempt from the notice requirement under the statute as "[a] claimant who has a direct contractual relationship with the original contractor." (Civ. Code, § 3091, subd. (b).)

Appellant apparently concedes that the original contract with Watson Company had terminated which, as respondent counters, would defeat the alleged "direct contractual relationship." Appellant then cites and relies upon *Fredericksen* v. *Harney* (1962) 199 Cal.App.2d 189 [189 Cal.Rptr. 562] for the proposition that he may establish the required contractual linkage by waiving the tort of conversion and suing on a theory of "quasi contract for restitution." But while the *Fredericksen* court arguably recognized the right of a materialman to assert a lien on a theory of implied contract upon waiving the tort (*id.*, at p. 195), it initially rejected the claim-

---

[2]Although the court actually entered its order granting judgment on April 16, 1984, we treat the premature notice of appeal as validly filed after entry of the judgment. (Cal. Rules of Court, rule 2(c).)

ant's argument of an implied contract to furnish materials to the construction project in ultimately concluding that the failure to give the required 90-day notice under the predecessor statute (Gov. Code, § 4210) constituted an additional reason to set aside the "stop notice." (*Id.*, at pp. 196-197.)

Appellant confuses the availability of an alternate remedy with the existence of a contractual relationship. But the election to waive the tort and sue in assumpsit does not of itself provide the essential contractual relationship. Thus, as early as *Armstrong* v. *Kubo & Co.* (1928) 88 Cal.App. 331 [263 P. 365], a party whose property was stolen was allowed to waive the tort action for damages and bring an action for the value of the stolen goods. "[S]uch an action may be maintainable as founded upon an implied contract when in fact there is no contract at all." (*Id.*, at p. 334.) But the court clearly acknowledged that this was merely a fiction to broaden the remedies available to the plaintiff. (*Ibid.*)

Since no direct contractual relationship existed between appellant and Watson Company at the time the fill material was converted, appellant fails to come within the exception to the notice requirement. Service of the required notice over a year after the material was taken is patently untimely; such noncompliance with the 90-day notice requirement precludes appellant's ability to enforce a claim on the surety payment bond. (Civ. Code, § 3091.)[3]

The judgment is affirmed.

Newsom, J., and Holmdahl, J., concurred.

---

[3]We find nothing in the court's discussion of election of remedies in *Baker* v. *Superior Court* (1983) 150 Cal.App.3d 140 [197 Cal.Rptr. 480] (cited in appellant's supplemental letter brief) compelling a contrary conclusion.