Filed 12/19/13  Amponsah v. Mortgage Electronic Registration Syst. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| KOFI OBENG-AMPONSAH, | |
| Plaintiff and Appellant, | E052418 |
| v. | (Super.Ct.No. CIVRS906409) |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. et al. | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Barry L. Plotkin, Judge.  Affirmed.

Kofi Obeng-Amponsah, in propria persona, for Plaintiff and Appellant.

Alvaradosmith, John M. Sorich, S. Christopher Yoo, and Katherine S. Agbayani for Defendants and Respondents.

### I.  INTRODUCTION

Plaintiff Kofi Obeng-Amponsa appeals from (1) the order sustaining without leave to amend the demurrer of defendants and respondents JPMorgan Chase Bank, N.A.,

1

successor by merger to Chase Home Finance LLC (Chase); Mortgage Electronic Registration Systems, Inc. (MERS); and U.S. Bank National Association, Trustee for Lehman Brothers Structured Asset Investment Loan Trust Sail 2005-5 (US Bank);[1] (2) two orders denying his motions to set aside dismissal and judgment; (3) an order denying his motion for reconsideration; and (4) an order denying his request for leave to file a second amended complaint as to defendants.

Plaintiff contends the trial court (1) abused its discretion in denying his second request for an extension to file opposition to the demurrer; (2) erred in denying his two motions to set aside the dismissal; (3) erred in denying his motion for reconsideration; and (4) erred in denying leave to file a second amended complaint. We find no error, and we affirm.

## II. FACTS AND PROCEDURAL BACKGROUND

Because this case involves only procedural issues, the background facts will be set forth briefly: In 2005, plaintiff obtained a loan from defendant Finance America, LLC (Finance America) in the amount of $260,000 secured by a deed of trust on his residence. The loan went into default, and a trustee's deed upon sale was recorded on February 13, 2009. US Bank obtained legal title to the property.[2]

---

[1] In his complaint, plaintiff named additional defendants. Only Chase, MERS, and US Bank, referred to collectively herein as defendants, are parties to this appeal.

[2] Plaintiff argues extensively that irregularities occurred in various transactions relating to the loan. Because of the procedural posture of the case, issues relating to the merits of the lawsuit are not properly before us, as we explain below.

On June 16, 2009, plaintiff filed a first amended complaint asserting causes of action for setting aside of sale, quiet title, cancellation of deed, slander of title, constructive trust, accounting, forgery of trust deed, tortious breach of contract, negligent contribution to fraud, negligent infliction of emotional distress, and injunctive relief. Defendants filed a motion to strike and a demurrer.

On August 7, 2009, plaintiff filed a request for extension of time to October 31 to file an opposition to the demurrer. The ground for the motion was that plaintiff's only son had been shot on July 3 and died on July 12. The trial court continued the hearing on the demurrer and motion to strike to October 6.

On September 15, 2009, plaintiff submitted a second request for extension of time. He provided a declaration stating that on August 31, he learned that his elderly mother in Ghana had died, and under his country's tradition, she could not be buried until he, as the oldest son, was present. He stated he was preparing to travel to Ghana for at least two months to make the arrangements for the funeral and burial. The trial court returned the request on September 21 because the $20 processing fee had not been paid.[3]

On September 24, 2009, plaintiff refiled his second request for an extension to file an opposition. On October 1, the court clerk returned the second request with a notation stating, "The Court requires that if party is pro. per[.], that they come in on a[n] ex parte hearing re notice." (Capitalization omitted.) On September 29, 2009, defendants filed a reply re: nonopposition to the demurrer and motion to strike.

---

[3] The record reflects that plaintiff applied for and been granted a waiver of court fees and costs.

3

Plaintiff did not appear at the hearing on October 6, 2009, and the trial court sustained defendants' demurrer without leave to amend. On October 13, judgment was entered in favor of defendants. The same day, plaintiff filed a notice of objection to the trial court's order granting the demurrer. Plaintiff provided a declaration stating he notified defense counsel on September 2 of his intention to seek a further continuance, and "on the instructions of the Court's clerk, [he] timely filed with the Court and served on defendants, a request for continuance, which defendants never opposed." He stated he had gone to Arizona on about September 25, 2009, to be with friends and to prepare for his trip to Ghana, and he learned on October 9 through a telephone call that the trial court had sustained the demurrer. He argued extensively that his complaint stated facts sufficient to constitute claims for relief.

On October 26, 2009, the trial court issued a minute order stating it had read plaintiff's notice of objection and declaration filed on October 13, and the court "takes no further action at this time in the absence of a Motion by Defendant [*sic*] for reconsideration or to vacate ruling on Demurre[r] and Order of [D]ismissal."

Plaintiff filed a notice of appeal on December 28, 2009, from the orders granting the demurrer and dismissing the action. (Case No. E049946.) This court dismissed the appeal in June 2010 because plaintiff failed to file an opening brief, and a remittitur issued on September 1, 2010.

On September 3, 2010, plaintiff filed a motion to set aside the dismissal and judgment. He claimed he was entitled to mandatory relief because the orders granting demurrer and dismissal had been "improvidently granted through mistake and

4

inadvertence of the Court." He stated he had been surprised that the trial court denied his request for an extension of time based on his mother's death. He also claimed MERS had committed fraud on the court "in that MERS purportedly hid from the Court that, though it claimed to be solely nominee of Finance America, it also claimed to be the mortgagee of the loan. That is, MERS is an agent and the principal with respect to the same property right." On September 30, the trial court denied the motion finding, "This motion is untimely, there is no good cause presented and the plaintiff did not attach a proposed amended complaint."

Meanwhile, on September 15, 2010, plaintiff filed a motion for leave to file a second amended complaint. Plaintiff stated the motion was made "to correct inadvertent errors, omissions in the [first amended complaint], and to properly state facts of the case . . . ." Plaintiff also asserted he had recently learned of additional facts through discovery, and justice required granting the motion for leave to amend. No proposed amended complaint was attached to the motion. On October 28, the trial court granted the motion to the extent the amended complaint would be against other parties not involved in this appeal.

On September 30, 2010, while the motion for leave to amend was pending, plaintiff filed a motion under Code of Civil Procedure section 1008[4] for reconsideration of the denial of his motion to set aside the dismissal and judgment. The grounds for the motion were that the trial court should reject as untimely the opposition to the motion

_____

[4] All further statutory references are to the Code of Civil Procedure.

5

defendants had filed on the eve of the scheduled hearing, and plaintiff was denied an opportunity to reply to that opposition. On October 28, the trial court denied the motion for reconsideration because "Plaintiff has not shown any new facts to justify this motion."

On November 29, 2010, plaintiff filed yet another motion to set aside the dismissal and judgment. Plaintiff asserted those orders were obtained through defendants' fraud. On January 20, 2011, the trial court denied the motion. The minute order stated: "Plaintiff is ordered to not file any further motions to set aside dismissal and judgment unless grounds are arguably meritorious, or sanctions will be imposed."

Additional facts are set forth in the discussion of the issues to which they pertain.

### III. DISCUSSION

### A. Requests for Judicial Notice

Plaintiff has requested this court to take judicial notice of the following documents: (1) a notice of default recorded April 25, 2006; (2) a declaration filed in the federal district court on September 12, 2011; and (3) a substitution of Trust First American Loanstar Trustee Service dated April 3, 2008.

Defendants have requested this court to take judicial notice of the following documents: (1) plaintiff's first amended complaint filed in federal district court on May 13, 2009; (2) the notice of appeal plaintiff filed in this court and the remittitur issued in that appeal; (3) the order granting defendants' motion to dismiss the fourth amended complaint and judgment entered in favor of defendants in plaintiff's federal action; (4) plaintiff's first amended complaint filed in federal district court on April 21, 2011 (the second federal action); (5) the order entered on December 19, 2011, dismissing plaintiff's

6

first amended complaint in the second federal action; (6) plaintiff's motion to recuse the presiding federal district court judge filed on December 19, 2011; and (7) the order dated March 14, 2012, dismissing the motion to recuse.

This court reserved ruling on both requests for consideration with the appeal. We take judicial notice of the notice of appeal plaintiff filed in this court in case No. E049946 and of the remittitur issued in that case. We deny all other requests because the documents are not helpful to the resolution of the issues properly before us in this appeal.

**B. Denial of Request for Second Extension of Time to File Opposition to Demurrer**

Plaintiff contends the trial court abused its discretion in denying his second request for an extension to file opposition to the demurrer.

We begin by extending our deep sympathy to plaintiff for the loss of his close family members. Nonetheless, the trial court's order denying him a second extension of time to file an opposition to defendant's demurrer is not properly before us. Plaintiff filed a notice of appeal in December 2009 from the dismissal of his action. However, he later abandoned that appeal by failing to file an opening brief, and this court dismissed the appeal in June 2010 and issued its remittitur on September 1, 2010. At that point, plaintiff's action against defendants was over both in this court and in the trial court: the judgment of dismissal had become final. (See, e.g., *Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 860-861 [after an opinion on appeal became final and a remittitur issued, "the issues adjudicated by the judgment were conclusively determined"].)

7

As recounted above, plaintiff thereafter filed a series of overlapping motions seeking to reopen the case. The trial court denied all those motions, and for the reasons we discuss below, the trial court did not err in those rulings. In short, plaintiff never succeeded in reopening the underlying matter, and his current appeal from the orders denying relief from the dismissal did not create any opportunity to resurrect his appeal from the long-final ruling on the request for extension of time to oppose the demurrer.

## C. Denial of Motion for Relief Under Section 473, Subdivision (b)

Plaintiff contends the trial court erred in denying his motion for relief under section 473, subdivision (b).

"[A] threshold requirement for relief" under section 473, subdivision (b) "is the moving party's diligence." (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1420 (*Huh*).) The *Huh* court based its ruling on the seminal case of *Benjamin v. Dalmo Mfg. Co.* (1948) 31 Cal.2d 523, and explained that "[w]hile six months—the longest time allowable—represents the outside limit 'of the court's jurisdiction to grant relief in any event, the "reasonable time" test stands as an independent consideration and in any given situation, its determination, within the maximum six-month period, "depends upon the circumstances of that particular case."' [Citation.]" (*Huh*, *supra*, at p. 1422.) In *Benjamin*, the court held that the trial court abused its discretion in granting a motion brought under section 473, subdivision (b) more than three months after default when there was no explanation for the delay, even though the motion was well within the six-month maximum limit. (*Benjamin v. Dalmo Mfg. Co.*, *supra*, at p. 532.)

8

In *Huh*, the court explained, "As the statute itself provides, application for relief 'shall be made *within a reasonable time*, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken.' [Citation.]" (*Huh*, *supra*, 158 Cal.App. 4th at p. 1420.) It is a question of fact for the trial court whether the moving party acted diligently. (*Ibid.*) The *Huh* court held that substantial evidence supported the trial court's determination that the moving party had failed to act diligently when his counsel was aware in February 2006 of his failure to oppose a summary judgment motion; summary judgment was entered in March; notice of entry of judgment was given in April; counsel filed a motion for new trial and for relief from judgment in early June; counsel filed a notice of appeal in early June and abandoned the appeal on June 30; and filed the motion for relief from judgment on July 31. (*Id.* at pp. 1420-1421.)

Plaintiff argues the six-month period for bringing a motion for relief under section 473, subdivision (c) was tolled while his appeal in case No. E049946 was pending in this court because the trial court lost jurisdiction over the matter during that time. The fact remains, however, that plaintiff has failed to show diligence during the eight months the appeal was pending. He requested and received multiple extensions of time to file his opening brief, but ultimately failed to file any brief, and this court dismissed the appeal as abandoned. The trial court properly considered his inaction during the pendency of the appeal in concluding he had not been diligent for purposes of section 473, subdivision (b). (See *Huh*, *supra*, 158 Cal.App.4th at pp. 1420-1421.)

The question whether a moving party has met his double burden of showing a satisfactory excuse for his default and of showing diligence in seeking relief after

9

discovery of the default is a question entrusted to the discretion of the trial court. (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410.)  We conclude the trial court did not abuse its discretion in denying plaintiff's motion under section 473, subdivision (b) as untimely.

### D.  Denial of Relief Under Court's Inherent Equity Powers

Plaintiff contends the trial court erred in denying relief under its inherent equity powers and in failing to set aside a judgment void on its face.

"'Two essential conditions are found in a classic case in equity which seeks to set aside a judgment:  first, the judgment is one entered against a party by default under circumstances which prevented him from presenting his case; second, these circumstances result from extrinsic fraud practiced by the other party or his attorney.' [Citation.]  The vital question is 'whether the successful party has by inequitable conduct, either direct or insidious in nature, lulled the other party into a state of false security, thus causing the latter to refrain from appearing in court or asserting legal rights.'  [Citation.] A party who seeks to have his default vacated under the court's equity power must make a stronger showing than is necessary to obtain relief under section 473.  [Citation.] '[During] the period when relief under section 473 is available, there is a strong public policy in favor of granting relief and allowing the requesting party his or her day in court. Beyond this period there is a strong public policy in favor of the finality of judgments and only in exceptional circumstances should relief be granted.'  [Citation.]"  (*Aheroni v. Maxwell* (1988) 205 Cal.App.3d 284, 291.)

10

"The granting of equitable relief requires not only a showing of appellant's satisfactory excuse for not having made his claim or defense in the original action, but also a showing of his diligence in seeking relief after discovery of the facts. [Citation.]" (*Humes v. MarGil Ventures, Inc.* (1985) 174 Cal.App.3d 486, 499.) Just as plaintiff failed to show diligence in bringing a motion for relief under section 473, subdivision (b), he likewise failed to show diligence in bringing a motion for relief under the court's equitable powers. We conclude the trial court did not err in denying the motion.

### E. Denial of Motion to Amend Pleadings

Plaintiff contends the trial court erred when it denied his motion for leave to amend his complaint. When plaintiff filed that motion on September 15, 2010, there was no underlying active matter against defendants as to which an amended complaint could attach. For that reason, we conclude the trial court properly denied leave to file the second amended complaint against defendants.

### F. Denial of Motion for Reconsideration

Plaintiff contends the trial court erred in denying his motion for reconsideration of the order denying his motion to set aside the dismissal and judgment.

On September 30, 2010, plaintiff filed a motion under section 1008, subdivision (a) for reconsideration of the order denying his motion to set aside the dismissal and judgment. The stated basis for the motion was that defendants had filed an untimely opposition to the motion to set aside the dismissal and judgment, and plaintiff was denied an opportunity to reply to that opposition. Defendants concede their opposition to the motion was untimely.

11

Trial courts have "discretion in applying local court rules and frequently consider documents which have been untimely filed." (*Kapitanski v. Von's Grocery Co.* (1983) 146 Cal.App.3d 29, 32.) We perceive no abuse of discretion in the trial court's choice to do so in this matter. The fact remains that plaintiff failed to demonstrate diligence in bringing his motions for relief from judgment.

## IV. DISPOSITION

The orders appealed from are affirmed. Costs on appeal are awarded to respondents.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

MCKINSTER
J.

CODRINGTON
J.

12