[No. B065085. Second Dist., Div. One. Jan. 27, 1993.]

STANLEY M. SEIDLER, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE BEVERLY HILLS JUDICIAL
DISTRICT OF LOS ANGELES COUNTY et al., Defendants and
Respondents.

## Counsel

Lemaire & Faunce and Mark Ellis Singer for Plaintiff and Appellant.

Goldstein & Kennedy, Charles H. Goldstein, Gregory G. Kennedy and Caroline McIntyre for Defendants and Respondents.

## Opinion

**SPENCER, P. J.—**

### INTRODUCTION

Plaintiff Stanley M. Seidler appeals from an order of dismissal entered after the trial court sustained without leave to amend a demurrer to plaintiff's first amended complaint.

STATEMENT OF FACTS

The facts as alleged in plaintiff's first amended complaint, which are deemed to be true (*Thompson* v. *County of Alameda* (1980) 27 Cal.3d 741, 746 [167 Cal.Rptr. 70, 614 P.2d 728, 12 A.L.R.4th 701]) are as follows: In 1984, the Beverly Hills Municipal Court employed plaintiff as court administrator from a civil service list. While the municipal court was plaintiff's employer, he was paid through the County of Los Angeles. Plaintiff believed he enjoyed certain due process guarantees and protections, pursuant to statute, should he be removed from his position. In 1988, the statutes governing his employment were amended, recategorizing his employment as being at the pleasure of the judges of the municipal court. Plaintiff was not informed that any rights, guarantees or protections previously afforded him were being removed. He did not receive any comparable benefit in exchange for the relinquishment of said rights and protections.

On June 7, 1990, Judge Judith O. Stern, who was presiding over the court for that calendar year and thus acted as plaintiff's supervisor, provided plaintiff with a letter which informed him that he had not fulfilled his duties as court administrator. Accordingly, the judges of the court were terminating his employment effective July 31, 1990. At approximately 4:10 p.m. on June 19, 1990, plaintiff received a letter memorandum delivered by the Los Angeles County Marshall. This document demanded that he turn over his keys and vacate both his office and the courthouse by 5 p.m. on that date. He was escorted from the building by deputy marshals.

Before June 7, 1990, plaintiff had received no written notice he was performing his duties unsatisfactorily and could be subject to disciplinary action including dismissal. After June 7, he received no statement in writing of the reasons for his termination.

On June 8, 1990, plaintiff submitted an appeal to the Los Angeles County Civil Service Commission, protesting the denial of the due process afforded all permanent civil service employees and guaranteed by the state and federal Constitutions and the county charter. He requested a hearing prior to July 31, 1990. On June 27, 1990, the Los Angeles County Civil Service Commission determined it did not have jurisdiction over the matter and removed it from its agenda. Plaintiff's employment was terminated on July 31, 1990.

CONTENTIONS

Plaintiff contends the trial court erred in sustaining without leave to amend the demurrer to his first amended complaint, in that it alleges facts

sufficient to state a cause of action. For the reasons set forth below, we disagree.

## DISCUSSION

■ A demurrer tests the sufficiency of the plaintiff's complaint, i.e., whether it states facts sufficient to constitute a cause of action upon which relief may be granted. (Code Civ. Proc., § 430.10, subd. (e); 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 894, p. 333.) The demurrer may be sustained only where the insufficiency of the complaint is revealed on its face. (*Id.*, § 895, at p. 334.) A demurrer should not be sustained without leave to amend if the complaint states a cause of action under any theory or if there is a reasonable possibility the defect can be cured by amendment. (*Minsky* v. *City of Los Angeles* (1974) 11 Cal.3d 113, 118 [113 Cal.Rptr. 102, 520 P.2d 726]; *Kite* v. *Campbell* (1983) 142 Cal.App.3d 793, 804 [191 Cal.Rptr. 363], overruled on other grounds in *Young* v. *Haines* (1986) 41 Cal.3d 883, 896 [226 Cal.Rptr. 547, 718 P.2d 909].) It may be sustained without leave to amend, however, where "the facts are not in dispute, and the nature of the plaintiff's claim is clear, but, under the substantive law, no liability exists. Obviously no amendment would change the result." (5 Witkin, *op. cit. supra*, § 945, p. 379.)

In sustaining the demurrer without leave to amend, the trial court concluded plaintiff was not a permanent employee entitled to be discharged only for cause and to the due process protections of notice and an opportunity to be heard. As plaintiff sees it, that he is a permanent employee is not open to question at this point: he alleges this and, for purposes of demurrer, the allegation must be accepted as true. (*Thompson* v. *County of Alameda, supra*, 27 Cal.3d at p. 746.) ■ However, it is well established that public employment is held by statute rather than by contract, and no public employee has a right to continue that employment contrary to the terms and conditions fixed by law. (*Miller* v. *State of California* (1977) 18 Cal.3d 808, 813 [135 Cal.Rptr. 386, 557 P.2d 970].) ■ Plaintiff alleges he was employed as the court administrator of the Beverly Hills Judicial District and, by virtue of that employment, was a permanent employee with certain fixed rights. If an examination of the pertinent statutes reveals as a matter of law that the court administrator of the Beverly Hills Judicial District is not a "permanent employee" with specific fixed rights, then plaintiff's allegation to the contrary cannot make it so. Accordingly, the sufficiency of the allegation can be ascertained only by statutory construction.

In construing statutes, the duty of the court "is simply to ascertain and declare what is in terms or in substance contained therein . . . ." (Code Civ.

Proc., § 1858.) ■ The court must interpret statutes so as to give effect to the intent of the Legislature. (*Landrum* v. *Superior Court* (1981) 30 Cal.3d 1, 12 [177 Cal.Rptr. 325, 634 P.2d 352].) Toward that end, "[w]ords must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible. [Citations.]" (*California Mfrs. Assn.* v. *Public Utilities Com.* (1979) 24 Cal.3d 836, 844 [157 Cal.Rptr. 676, 598 P.2d 836].) Where possible, significance should be given to every word and phrase; accordingly, "constructions which render some words surplusage . . . are to be avoided." (*Ibid.*)

■ Government Code section 72002.1 is among the statutes on which plaintiff relies as establishing that he has the status of a permanent employee entitled to be discharged only for cause and after receiving notice of the charges and an opportunity to be heard. Section 72002.1 provides in pertinent part: "In any chartered county in which a system of civil service is in effect, the civil service commission thereof shall administer any civil service provisions made applicable by this code to attachés of municipal courts. [¶] Subject to the express provisions of this section and of any other state law, the provisions of the county charter relating to civil service and the rules of the civil service commission adopted pursuant thereto shall be applicable to the said attachés of the municipal courts in the same manner and to the same extent as applicable generally to officers and employees of such county. . . ."

Whether Government Code section 72002.1 applies to the position plaintiff held, that of court administrator, depends on the meaning given the word "attachés." The word is not defined expressly in the code. However, the meaning given the word can be implied from its use in companion statutes. Article 4 of chapter 9 of title 8 of the Government Code specifies the officers and attachés which may be appointed in the municipal court districts of Los Angeles County. The statutes authorize the appointment by the judges of a court administrator "who shall be the clerk" and authorize the court administrator to appoint additional personnel. (Gov. Code, §§ 72750.4-72754.) In municipal court districts of a specified size, the judges may appoint a jury commissioner who shall "hold office at the pleasure of . . . the judges." (*Id.,* § 72757.)

The judges may appoint the marshal (Gov. Code, § 72643), who in turn may appoint specified subordinates (*id.,* §§ 72645, 72646); the administrative personnel to be appointed by the marshal are described as "attachés" (*id.,* § 72646). Government Code section 72150 permits the judges to authorize the clerk and marshal of the court to "appoint as many additional deputies as will enable them to promptly and faithfully discharge the duties

of their respective offices." After describing the powers and duties of the clerk (*id.*, § 71280) and marshal (*id.*, § 71264), the code turns to those designated "other officers" in article 5 of chapter 8 of title 8 of the Government Code. These include commissioners (*id.*, § 72190), jury commissioners (*id.*, § 72191) and official court reporters (*id.*, § 72194).

Based on all of the foregoing provisions, the logical conclusion is that the clerk (court administrator), marshal, commissioners, jury commissioner and court reporters are officers of the court, while subordinate employees which some of these officers are authorized to appoint are attachés. Since Government Code section 72002.1 applies only to "attachés of municipal courts," it does not apply to the position plaintiff held, which is that of an officer. Hence, this section provides no support for the conclusion plaintiff was a permanent employee with specified fixed rights.

Plaintiff also relies on Government Code section 72608, which in 1983 provided in pertinent part: "Officers and attachés of municipal courts in Los Angeles County shall be entitled to all employee rights, programs and benefits, including, but not limited to, paid medical plans, management incentive and early separation programs, parking and cafeteria privileges, longevity pay, shooting allowance, uniform and equipment allowance, and the same rights to meet with those entities which prescribe their compensation, that are provided for or made applicable to the equivalent Los Angeles County employee classification." (As amended by Stats. 1982, ch. 1636, § 2, pp. 6639-6644.) ■ The application of a general term in a statute (in this instance, "rights, programs and benefits") is limited to things similar to those specifically enumerated after the general term. (*Martin* v. *Holiday Inns, Inc.* (1988) 199 Cal.App.3d 1434, 1437 [245 Cal.Rptr. 717].) ■ Apart from the right of consultation regarding compensation, all of the specific items enumerated in section 72608 are salary benefits. Nothing among the enumerated examples suggests the rights extended include due process or permanent employment rights related to the process of discharge. Hence, Government Code section 72608 provides no support for plaintiff's position.

Finally, plaintiff relies on Government Code section 71260 which provides in part: "The clerk of the court, the marshal, and their deputies and attachés . . . of the court who were appointed from civil service lists . . . shall hold office during good behavior and may be discharged by the appointing authority only for the good of the service . . . ." Government Code sections 71261-71263 provide that the reasons for discharge shall be filed at least 10 days before the discharge becomes effective and the person to be discharged shall have a right to reply to the charges, after which the determination of the appointing authority to discharge is final. Sections

71260-71263 are statutes generally applicable to the municipal and justice courts, appearing in article 7 of chapter 6 of title 8.

The protections set forth in Government Code sections 71260-71263 are afforded only to clerks of the court, marshals and their deputies and attachés. ▇ Where a statute enumerates those persons to whom it applies, it should be construed as excluding from its effect all those not mentioned expressly. (*People* v. *Mancha* (1974) 39 Cal.App.3d 703, 713 [114 Cal.Rptr. 392].) ▇ Thus, the question is whether a court administrator who serves as clerk of the court is no more than a clerk and, accordingly, is one of the persons enumerated in Government Code section 71260.

A clerk of the municipal court performs the same functions as a clerk of the superior court. (Gov. Code, § 71280.) The superior court clerk attends court sessions "and upon the judge or judges of the court in chambers when required," maintains indexes, issues process and notices, keeps minutes and other court records, enters judgments and orders, maintains a register of actions, keeps papers and records, endorses filing dates and maintains records of naturalization. (*Id.*, §§ 69841-69847.) Prior to 1987, large counties employed a superior court executive officer who "exercise[d] such administrative powers and perform[ed] such other duties as may be required of him by the court." (*Id.*, former § 69892.1.)[1]

It is clear from the statutes that the functions of clerk and executive officer were combined in the municipal courts in the person of a court administrator who serves as the clerk. Government Code section 72702 provides that the judges may delegate to the court administrator "such administrative powers and duties as they deem necessary for the administration of the court." While section 72702 applies only to the Los Angeles Judicial District, the other statutes designating a court administrator/clerk of the court in other judicial districts demonstrate that the court administrator has functions extending well beyond those of a clerk. In large judicial districts, the court administrator, acting as clerk, may appoint assistant chief deputy clerks and various other types of clerks; one assistant chief deputy clerk is to be designated assistant court administrator and compensated accordingly. (See Gov. Code, §§ 72750.4-72750.5.) In somewhat smaller judicial districts, the court administrator, acting as clerk, may appoint various deputy clerks and one assistant court administrator. (See *id.*, §§ 72751-72754.) There would be no need for the appointment of an assistant court administrator if the functions of the court administrator were no more than those of a clerk.

In short, a municipal court administrator is not merely a clerk of the court; he or she also performs administrative functions extending well beyond the

---

[1]Section 69892.1 was amended by Statutes 1986, chapter 1418, section 2, page 5071 to designate this individual "county clerk/executive officer/jury commissioner."

duties of the clerk. Accordingly, the positions of court administrator and clerk of the court are not fully equivalent and Government Code sections 71260-71263 do not apply to court administrators simply because they happen to function as clerks. This view is supported by the legislative history underlying the enactment of Government Code sections 72764-72784. These statutes uniformly provide that the court administrators of specified judicial districts hold office at the pleasure of the judges of the court.

Senate Bill No. 2493 was introduced in 1988 to enact these provisions. The bill was proposed by the Los Angeles County Municipal Judges Association for the following reason: "[C]onfusion presently exists as to the status of court administrators: they are treated as civil service employees for some purposes but not for others and there is no clear expression of intent anywhere in the Government Code. [The Judges Association] states that 'such confusion is dangerous and promotive of misunderstanding at best, and litigation at worst.' " (Assem. Com. on Judiciary Rep. on Sen. Bill No. 2493 (June 22, 1988).) Among the arguments in support of the bill was the following: "[T]he position of court administrator bears an executive and quasi-judicial element that make[s] civil service exemption imperative. The court administrator as the chief nonjudicial authority in the courthouse has oversight and control over fiscal matters and recordkeeping in the courts. Present experience in a few judicial districts in which court administrators were suspected of misconduct has convinced judges of the need to respond to emergency situations involving court administrators more rapidly than civil service rules allow." (Sen. Rules Com. Rep. on Sen. Bill No. 2493 (Aug. 22, 1988).)

The Senate Rules Committee Report of August 22, 1988 sets forth the background of the measure in full: "Under current practice, the court administrator is appointed by a majority of the district judges. Yet only in the Los Angeles Judicial District does the law specify that the administrator holds office at the pleasure of the judges [citation]. . . . This bill would specify that the administrators of the [listed] municipal court districts serve at the pleasure of their judges . . . . The purpose of the measure is to clarify the employment status of municipal court administrators in 16 of the 24 judicial districts of Los Angeles County. Court administrators are technically employees of the counties in which they serve, but to function appropriately they must be answerable to the judges who rely on them. As a practical matter, this duality has led to two models in court administrator employment: regular civil service, and exempt status held at the pleasure of the judges.

"Exempt status is currently the trend in the larger counties, where 10 of the 13 with a population of 500,000 or more specify that all or most of their

administration are employed independently of civil service. In some cases statute not only establishes service at the pleasure of the court, but also explicitly provides that the judges shall prescribe and regulate the duties and authority of the administrators. [¶] According to the Senate Judiciary Committee analysis, most of the judges sponsoring this bill were under the impression that court administrators already served at their pleasure by law. This bill represents no great departure from present methods of selecting and overseeing the performance of administrators. It does, however, create a certain delineation of authority between the courts and the court administrators." (Sen. Rules Com. Rep. on Sen. Bill No. 2493 (Aug. 22, 1988).)

In summary, there is no clear statutory language entitling municipal court administrators to discharge only upon good cause or to certain due process protections. A court administrator unquestionably is more than a mere clerk of the court and thus cannot be considered among those protected persons enumerated in Government Code section 71260. In the absence of clear legislative language affording court administrators protected rights, a court administrator has no such entitlement. (*Miller* v. *State of California, supra,* 18 Cal.3d at p. 813.)

Government Code section 72764, added by Statutes 1988, chapter 1120, section 1, page 3618, explicitly provides: "The court administrator of the Beverly Hills Judicial District shall hold office at the pleasure of the judges of that court." Even though this statute was not in existence at the time of plaintiff's employment, it sets the terms and conditions of that employment. (*Miller* v. *State of California, supra,* 18 Cal.3d at p. 813; *Hinchliffe* v. *City of San Diego* (1985) 165 Cal.App.3d 722, 725 [211 Cal.Rptr. 560].) Accordingly, it is unequivocally clear that plaintiff was not a "permanent" employee with specified due process rights. It necessarily follows that the trial court properly sustained the demurrer without leave to amend. (5 Witkin, *op. cit. supra,* § 945, p. 379.)

In view of the conclusion reached above, other contentions plaintiff raises need not be addressed. The order is affirmed.

Aranda, J.,* concurred. Vogel (Miriam, A.), J., concurred in the result only.

---

*Judge of the Municipal Court for the South Bay Judicial District sitting under assignment by the Chairperson of the Judicial Council.