[No. G015354. Fourth Dist., Div. Three. July 10, 1996.]

JAMES W. KULESA et al., Plaintiffs and Appellants, v.
ROBERT W. CASTLEBERRY et al., Defendants and Respondents.

**COUNSEL**

Becker & Becker and Geoffrey Becker for Plaintiffs and Appellants.

Sedgwick, Detert, Moran & Arnold, Thomas B. McNutt and Amand K. Mines for Defendants and Respondents.

## OPINION

**SONENSHINE, J.**—James W. Kulesa (Kulesa) and Mary H. Kulesa appeal from a summary judgment in favor of Kulesa's former attorneys, Robert W. Castleberry and the law firm of Callahan, McCune & Willis (Callahan), in the Kulesas' legal malpractice action. We reverse the judgment, holding the statute of limitations on a legal malpractice action is unconditionally tolled during the time the attorney continues to represent the client regarding the specific subject matter in which the alleged malpractice occurred. (Code Civ. Proc., § 340.6, subd. (a)(2).)[1] The continued representation tolling is unaffected by events which might otherwise trigger the commencement of the statutory period. We further decide a trial court must consider all of the papers submitted to determine whether triable issues of fact exist (§ 437c, subd. (c)) before exercising its discretion to grant a summary judgment based on the failure of the opposing party to file an adequate separate statement. (§ 437c, subd. (b).)

### FACTUAL AND PROCEDURAL BACKGROUND

On January 12, 1989, Kulesa was injured in an automobile accident. Within a few weeks, he retained Castleberry and Callahan to represent him in a personal injury action. The attorneys filed a lawsuit against the driver of the other vehicle and retained a consultant to investigate potential liability for Kulesa's failed seat belt. Based upon the consultant's report, they did not assert causes of action against either the auto manufacturer or the seat belt manufacturer. Moreover, they did not name Kulesa's wife, Mary, as a plaintiff and allege loss of consortium on her behalf. The statute of limitations within which to make those claims expired on January 12, 1990, one year from the date of the accident. (§ 340, subd. (3).) The record does not indicate whether Kulesa and the defendant settled the case, but Castleberry and Callahan filed a request for dismissal of the action on December 14, and the dismissal was entered on December 27.

On November 29, 1991, the Kulesas retained Geoffrey Becker. They filed a malpractice suit against the former attorneys on December 16, alleging Castleberry and Callahan negligently failed to (1) refer the case to product liability attorneys, (2) sue the auto manufacturer and the seat belt manufacturer, (3) retain a competent consultant to investigate the seat belt failure, and (4) assert Mary's loss of consortium claim.

On February 16, 1993, Castleberry and Callahan moved for summary judgment, contending the Kulesas' lawsuit was time-barred. Their separate statement listed only three undisputed material facts: the Kulesas filed the legal malpractice suit on December 16, 1991; the action arose out of the

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

underlying auto accident which occurred on January 12, 1989; and the Kulesas sought damages for the attorneys' failure to sue the manufacturers and assert Mary's loss of consortium claim. They argued: (1) An attorney's liability for failing to assert a claim arises when the claim is "proscribed"; (2) any claims against the auto or seat belt manufacturer or on behalf of Mary Kulesa for loss of consortium were proscribed when the attorneys failed to assert them within one year of the accident, i.e., by January 12, 1990 (§ 340, subd. (3)); (3) under *Finlayson* v. *Sanbrook* (1992) 10 Cal.App.4th 1436 [13 Cal.Rptr.2d 406], the statute of limitations on the legal malpractice action commenced to run the same day because that was when they sustained "actual injury;" (4) the legal malpractice statute of limitations, section 340.6, subdivision (a), gave the Kulesas one year (until January 12, 1991) to sue the attorneys; and (5) the action filed December 16, 1991, was untimely under *Finlayson*.[2]

The Kulesas filed a separate statement which neither disputed the attorneys' material facts nor set forth any additional facts. However, in their points and authorities, supported with a relevant evidentiary exhibit, they argued the statute had been tolled because of the attorneys' continued representation at least until mid-December 1990. (§ 340.6, subd. (a)(2).) And after the court continued the hearing, the Kulesas filed supplemental opposition papers, once again citing section 340.6, subdivision (a)(2) and noting, in a boldface, upper case heading on the first page of the document, "THE STATUTE OF LIMITATIONS WAS TOLLED DURING THE PERIOD OF TIME THAT THE LAWYERS CONTINUED TO REPRESENT MR. KULESA." Attached as an exhibit was a copy of the dismissal of the personal injury action, filed by Castleberry and Callahan on December 27, 1990. They cited authority setting forth the public policy reasons against allowing negligent attorneys to avoid malpractice actions by continuing to represent a client until the expiration of the statute of limitations. In short, their position was they had created a triable issue of fact as to the timeliness of the complaint.[3]

---

[2]We do not know whether the statute of limitations defense was asserted in the attorneys' answer to Kulesa's complaint; Kulesa did not designate the pleading as part of the record on appeal and neither party referenced it in the papers relating to the summary judgment. As Witkin notes, "The statute of limitations is a 'personal privilege' which must be *affirmatively invoked in the lower court* by appropriate pleading [e.g., demurrer or answer], or is waived. [Citations.]" (5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 1039, pp. 453-454, original italics.) The parties have not briefed the issue, and the judgment must be reversed in any event. For the sake of argument, we will indulge the presumption Castleberry and Callahan preserved the defense. Obviously, on remand, no such presumption would apply and, in light of our disposition, the issue will be moot.

[3]The Kulesas also opposed the summary judgment motion by contending delayed discovery prevented accrual of their cause of action against the attorneys. They submitted portions of deposition testimony and the declaration of Geoffrey Becker to demonstrate they did not discover the legal malpractice until November 1991. That aspect of the opposition is not

The reply papers filed by Castleberry and Callahan did not dispute the Kulesas' *factual* evidence. Instead, the lawyers argued neither delayed discovery of actual harm nor continued representation tolls the legal malpractice statute of limitations in "missed statute" cases.[4] The trial court agreed and entered summary judgment. We reverse.

## DISCUSSION

We must address two issues. The first is whether the trial court committed legal error in concluding the Kulesas' action was untimely despite the attorneys' continued representation to a date within a year of the filing of the legal malpractice complaint. The second is, even if there was error, can the summary judgment be affirmed on the ground the trial court had discretion to grant it because the Kulesas failed to follow proper procedures in presenting their opposition?

### I

To prevail on their summary judgment motion, Castleberry and Callahan had to establish their complete defense to the Kulesas' action as a matter of law. (See *Baker* v. *Superior Court* (1983) 150 Cal.App.3d 140, 146 [197 Cal.Rptr. 480].) Their defense was the Kulesas' claims for legal malpractice were barred by the statute of limitations. Thus, the starting point of our analysis is section 340.6, the legal malpractice statute of limitations, which, as relevant here, provides the action "shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, . . . *except* that the period shall be *tolled* during the time . . . [¶] . . . [¶] . . . [*t*]*he attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred.*" (§ 340.6, subd. (a)(2), italics added.)

Under the plain language of the statute, the continued representation tolling applies categorically, not conditionally: the clock stands still.[5] As the California Supreme Court observed in *Laird* v. *Blacker* (1992) 2 Cal.4th 606, 618 [7 Cal.Rptr.2d 550, 828 P.2d 691], section 340.6's tolling

germane to our discussion; nonetheless, we note it raised an additional question regarding tolling of the statute of limitations. (§ 340.6, subd. (a).)

[4]"Missed statute" is the term of art used to describe " '[t]he most common error of the attorney engaged in litigation [which] is the failure to file the client's claim or cause of action within the time required by a statute of limitations.' [Citation.]" (*Adams* v. *Paul* (1995) 11 Cal.4th 583, 585 [46 Cal.Rptr.2d 594, 904 P.2d 1205].) The Kulesas contend this is not a missed statute case, arguing the attorneys' negligence was in failing to amend the complaint to add new defendants and another plaintiff. But, of course, the unspoken final phrase of that sentence is "within the allotted time."

[5]Compare section 340.5, the medical malpractice statute of limitations which is not tolled by an ongoing physician/patient relationship, but rather "(1) upon proof of fraud, (2)

"was adopted in order to 'avoid the disruption of an attorney-client relationship by a lawsuit while enabling the attorney to correct or minimize an apparent error, and to prevent an attorney from defeating a malpractice cause of action by continuing to represent the client until the statutory period has expired.' " (See also *Hensley* v. *Caietti* (1993) 13 Cal.App.4th 1165, 1171 [16 Cal.Rptr.2d 837] ["When the client has discovered an attorney's negligence the purpose of . . . section 340.6 is to toll the period of limitations during the time that the client cannot reasonably be expected to initiate a malpractice action because to do so would disrupt an ongoing attorney-client relationship."].)

▮ Castleberry and Callahan present no argument regarding the substantive merits of continued representation tolling. Instead, they focus entirely on *Finlayson*, insisting its holding is dispositive regarding accrual of the legal malpractice cause of action. They contend regardless of continued representation, as a matter of law, the statute of limitations on the legal malpractice action began to run on the day the Kulesas lost their rights to pursue their personal injury claims due to the attorneys' failure to timely assert those claims and expired one year later. They are wrong.

In *Finlayson*, the trial court dismissed as untimely a legal malpractice action based on the defendant attorney's alleged failure to file his client's personal injury suit against potential asbestos defendants within one year after the client discovered his disability was caused by asbestos exposure. The relevant dates were: 1981, the plaintiff discovered the cause of his illness and retained an attorney; 1982, the asbestos claims became time-barred (§ 340.2, subd. (a)(2)); 1983, the plaintiff discovered his attorney's negligence and the attorney ceased to represent him in the matter; 1988, summary judgment on limitations grounds was granted in favor of certain asbestos defendants in the personal injury action; and 1989, the legal malpractice action was filed.[6] (*Finlayson* v. *Sanbrook*, *supra*, 10 Cal.App.4th at pp. 1439-1440 & 1444-1445, fn. 8.)

In its review, the *Finlayson* court was required to interpret section 340.6, subdivision (a)(1), which provides for tolling of the legal malpractice statute of limitations during the time "[t]he plaintiff has not sustained actual injury." The plaintiff contended the action against his attorney was timely because he did not suffer actual injury until the judgment was entered against him in the underlying action in 1988 and his legal malpractice suit was filed within one

---

intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person."

[6]Actually, the plaintiff first filed a legal malpractice action in 1983, but after the court denied his motion to extend the five-year statute for bringing it to trial (§ 583.310), he dismissed it. (*Finlayson* v. *Sanbrook*, *supra*, 10 Cal.App.4th at p. 1439.) That aspect of the procedural history is irrelevant to our discussion.

year of that judgment. The defendant attorney, on the other hand, asserted the statute of limitations began to run as soon as the statute of limitations on the personal injury action was missed and expired one year later.

The appellate court agreed with the attorney to the extent that "in those circumstances where the malpractice consists of missing a statute of limitations, a plaintiff sustains 'actual injury' when the underlying action is lost due to the attorney's malpractice." (*Finlayson* v. *Sanbrook, supra,* 10 Cal.App.4th at p. 1438.) But it refused to use 1982—the date of the missed statute—as the commencement of the statute of limitations, stating, "Our conclusion that a client suffers 'actual injury' at the time a right or remedy is lost due to the attorney's negligence does not mean that a cause of action for legal malpractice *accrues* on the date the malpractice occurs. As section 340.6 makes clear, the statute does not commence until 'the plaintiff discovers, or through the use of reasonable diligence should have discovered the wrongful act or omission . . . .'" (*Id.* at p. 1443, fn. 7, italics added.) Because the plaintiff did not discover the attorney's malpractice until 1983 (§ 340.6, subd. (a)), and further because the attorney *continued to represent* the plaintiff regarding the asbestos claims until 1983 (§ 340.6, subd. (a)(2)), the court found the legal malpractice action did not become time-barred until *1984!* (*Finlayson* v. *Sanbrook, supra,* 10 Cal.App.4th at p. 1444.) Clearly, the *Finlayson* court's discussion of the actual injury date was not necessary to the disposition of the case and was thus *dicta.* Likewise, here, where the undisputed facts show the attorneys' continued representation until within a year of the filing of the legal malpractice action, *Finlayson*'s observations about actual injury are irrelevant.

Moreover, a recent California Supreme Court decision, *Adams* v. *Paul, supra,* 11 Cal.4th 583, has rendered *Finlayson*'s actual injury discussion of little more than academic interest. *Adams* disapproved of *Finlayson* to the extent it sets out a "'bright line rule'" of actual injury. (*Adams* v. *Paul, supra,* 11 Cal.4th at p. 591, fn. 4.) ■ As the *Adams* court stated, "The myriad of circumstances under which statute of limitations issues may arise in missed statute cases sharply illustrates the practicality of applying the prevailing 'question-of-fact' rule to the determination of when actual injury occurs. The number of potential variables, which do not necessarily follow a set pattern, precludes defining the point of harm as a fixed point or event because reasonable application becomes too problematic. [Citation.] The issue may be resolved 'as a matter of law' only if the *facts* are undisputed. [Citation.]" (*Id.* at pp. 588-589, original italics.) ■ Here, the undisputed facts of continued representation permit a matter-of-law resolution of the statute of limitations, but in favor of the Kulesas, not the attorneys.

## II

Castleberry and Callahan argue the summary judgment must be affirmed even if we conclude the court erred in deciding the statute of limitations

issue. They contend the Kulesas' failure to raise the tolling argument in their separate statement of undisputed material facts justified the court's order granting the summary judgment. Once again, they are wrong. As shall be seen, the court's discretion under section 437c, subdivision (b) does not preempt its *duty* under subdivision (c) to consider all the submitted papers when determining whether the moving party is entitled to a judgment.

On a motion for summary judgment, the moving party bears the burden of showing there are no triable issues of material fact. (*United Community Church* v. *Garcin* (1991) 231 Cal.App.3d 327, 338 [282 Cal.Rptr. 368].) To make that showing, the party must submit supporting papers, including "a separate statement setting forth plainly and concisely all material facts which the moving party contends are undisputed. Each of the material facts stated shall be followed by a reference to the supporting evidence." (§ 437c, subd. (b).) The statute further provides, "The failure to comply with this requirement of a separate statement may in the court's discretion constitute a sufficient ground for denial of the motion." (§ 437c, subd. (b).)

"A defendant . . . has met his or her burden of showing that a cause of action has no merit if that party has shown . . . that there is a complete defense to that cause of action." (§ 437c, subd. (o)(2).) The burden then shifts to the plaintiff to show the existence of a triable issue of fact. (*Camp* v. *Jeffer, Mangels, Butler & Marmaro* (1995) 35 Cal.App.4th 620, 629 [41 Cal.Rptr.2d 329].) "The opposition papers shall include a separate statement which responds to each of the material facts contended by the moving party to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed. The statement also shall set forth plainly and concisely any other material facts which the opposing party contends are disputed." (§ 437c, subd. (b).) Like the moving separate statement, the opposing separate statement shall also "be followed by a reference to the supporting evidence." (§ 437c, subd. (b).) And "[f]ailure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion." (§ 437c, subd. (b).)

Finally, section 437c, subdivision (c) provides, "The motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether the papers show that there is no triable issue as to any material fact the court shall consider all of the evidence set forth in the papers, except that to which objections have been made and sustained by the court, and all inferences reasonably deducible from the evidence, except summary judgment shall not be granted by the court based on inferences reasonably deducible from the evidence, if contradicted by other inferences or evidence, which raise a triable issue as to any

material fact." The papers are to be construed strictly against the moving party and liberally in favor of the opposing party; any doubts regarding the propriety of summary judgment are to be resolved in favor of the opposing party. (*Branco* v. *Kearny Moto Park, Inc.* (1995) 37 Cal.App.4th 184, 189 [43 Cal.Rptr.2d 392].)

 Castleberry and Callahan argue they made the requisite showing of entitlement to summary judgment by presenting a separate statement setting forth the date of the underlying accident, the date the malpractice complaint was filed, and the basis of Kulesa's claims. They further assert the Kulesas' separate statement neither disputed the attorneys' facts nor stated any additional material facts. They concede the matter of tolling was raised in the Kulesas' memorandum of points and authorities and supporting exhibits, but maintain its absence from the separate statement permitted the trial court to grant summary judgment under section 437c, subdivision (b).

We disagree. It is true section 437c, subdivision (b) gives the court discretion to grant a summary judgment motion when the opposing party fails to comply with the statutory requirements of a separate statement. But that provision must be read in the context of the summary judgment statute as a whole. (See, e.g., *Rodriguez* v. *Superior Court* (1993) 14 Cal.App.4th 1260, 1268 [18 Cal.Rptr.2d 120] [" '[a] statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent. Consequently, each part or section should be construed in connection with every other part or section so as to produce a harmonious whole' "]; *Seidler* v. *Municipal Court* (1993) 12 Cal.App.4th 1229, 1234 [16 Cal.Rptr.2d 90] [" '[w]ords must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible' "].) Section 437c, subdivision (b) *permits* the court to grant summary judgment where the opposing party fails to meet the separate statement requirements, but subdivision (c) *directs* the court to determine whether *"all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law."* (Italics added.) And in deciding whether any triable issue of fact exists, "the court *shall consider all of the evidence set forth in the papers . . . ."* (§ 437c, subd. (c), italics added.) In short, a trial court may not grant a summary judgment motion based on an inadequate separate statement until it reviews all of the papers filed in conjunction with the motion.

Under Castleberry's and Callahan's interpretation, the "may" provision of section 437c, subdivision (b) would make it unnecessary for the trial court to ever get to the "shall" provision of subdivision (c). It would permit the court to look at only two documents—the respective separate statements of the moving and opposing parties—and grant summary judgment if the latter

were inadequate.[7] But the "may" provision cannot be read in such a manner as to negate the "shall" provision: " ' "It is an elementary rule of construction that effect must be given, if possible, to every word, clause and sentence of a statute." A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another . . . .' [Citations.]" (*Rodriguez* v. *Superior Court, supra,* 14 Cal.App.4th at p. 1269.)

 Only one interpretation of the "may" provision comports with established principles of statutory construction: The court has discretion to grant the motion based on the opposing party's failure to comply with the separate statement requirement, but not until it has considered all of the papers and determined no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law. (§ 437c, subd. (c).) When, as here, the most cursory review of all the papers shows the motion to be utterly without factual or legal merit, the court has no discretion to grant the summary judgment.

 Separate statements serve a laudable purpose. As explained in Weil and Brown, California Practice Guide: Civil Procedure Before Trial (The Rutter Group 1996) paragraph 10:94.1, pages 10-31 to 10-32, these documents are "intended to permit the judge to *determine quickly* whether the motion is supported by sufficient undisputed facts. If the opposing statement disputes an essential fact alleged in support of the motion, the judge merely has to review the evidence cited in support of that fact. This saves the judge from having to review all the evidentiary materials filed in support of and in opposition to the motion." (Original italics.) But no matter how laudable the purpose, it cannot be allowed to obfuscate the statute's clear directive that the court must consider *all* the papers submitted in determining whether triable issues of fact exist. (§ 437c, subd. (c).)

 Applying these principles, we " 'make [our] own independent determination of the construction and effect of the papers submitted . . . .' " (*Pearl* v. *General Motors Acceptance Corp.* (1993) 13 Cal.App.4th 1023, 1027 [16 Cal.Rptr.2d 805].) We conclude the court erred as a matter of law in granting a statute of limitations summary judgment to the attorneys.

Clearly, the Kulesas' separate statement was inadequate. But the Kulesas' very brief points and authorities emphatically identified the continued representation tolling issue. They referred to uncontradicted evidentiary exhibits which conclusively established the attorneys continued to represent Kulesa

---

[7]This conclusion is inescapable: the attorneys do not deny either the fact of their continued representation of Kulesa nor the law of tolling for such representation. Rather, they argue because the Kulesas did not follow the proper format for presenting the evidence, the trial court was authorized to turn a blind eye to it and we should do the same.

in the personal injury case *at least* until the date they requested dismissal of the action, December 14, 1990.[8] The evidence also showed the Kulesas filed their legal malpractice action December 16, 1991. We take judicial notice (Evid. Code, § 452) the one-year anniversary date, December 14, fell on a Saturday. The malpractice action was filed the following Monday. If the last date to do an act falls on a day the court is closed, the time is extended to the next day that is not a holiday. (§§ 12a & 12b.) All the papers submitted showed the attorneys' statute of limitations defense was without merit as a matter of law. In light of that showing, the court simply had no discretion to grant the summary judgment under the "may" provision of section 437c, subdivision (b).

Many courts have examined the issue before us, but from a different perspective. Uniformly, their conclusions are entirely compatible with ours. A complete litany is unnecessary: a few representative examples should suffice to demonstrate the point.

In *Gilbertson* v. *Osman* (1986) 185 Cal.App.3d 308 [229 Cal.Rptr. 627],[9] the court found a multitude of reasons to reverse a defendant's summary judgment involving the date of commencement of the statute of limitations on a medical malpractice claim. The defendant there, as here, argued the judgment should be affirmed regardless of the facts and law because of the plaintiffs' failure to include a separate statement identifying disputed and undisputed facts. The *Gilbertson* court rejected the argument because there was no indication the trial court had relied on that ground. (*Id.* at p. 315.)[10] More importantly, the court found that had the trial court granted the motion based on the procedural defect, it would have abused its discretion because " '[t]he sanction of peremptory dismissal, without consideration of the merits, is fundamentally unjust unless the conduct of a plaintiff is such that the delinquency interferes with the court's mission of seeking truth and justice.' " (*Ibid.*) Noting the usefulness of the separate statement to assist the court "is proportional to the complexity of the case and the volume of the evidentiary material" (*id.* at p. 316), the *Gilbertson* court stated, "Where . . . the motion for summary judgment involves relatively simple issues and only

[8]The continued representation appears to have lasted far longer than the conservative date we use purely for a point of reference. For instance, the dismissal was not actually entered until December 27, and there are numerous pieces of correspondence relating to Kulesa's worker's compensation claim indicating the attorneys were still representing Kulesa almost up to the time he filed the suit. Our decision should not be interpreted as determining the termination date of the attorneys' representation.

[9]Disapproved on other grounds in *Woods* v. *Young* (1991) 53 Cal.3d 315, 328, fn. 4 [279 Cal.Rptr. 613, 807 P.2d 455].

[10]See *Kurtz, Richards, Wilson & Co.* v. *Insurance Communicators Marketing Corp.* (1993) 12 Cal.App.4th 1249, 1263 [16 Cal.Rptr.2d 259] and *Susan A.* v. *County of Sonoma* (1991) 2 Cal.App.4th 88, 93, footnote 3 [3 Cal.Rptr.2d 27], to the same effect.

a few pages of evidentiary material, the statement does not have great importance." (*Ibid.*) Finally, it noted there was no evidence the opponent's failure to file the separate statement "was willful or would not have been promptly corrected if called to the attention of plaintiffs' attorney." (*Gilbertson* v. *Osman, supra,* 185 Cal.App.3d at p. 316.)

In *Security Pacific Nat. Bank* v. *Bradley* (1992) 4 Cal.App.4th 89 [5 Cal.Rptr.2d 220], the appellate court stated a summary judgment cannot be affirmed where there are no circumstances—apart from the lack of an opposing separate statement—giving the trial court *reason* to grant the motion and the order is "contrary to the appropriate legal principles and policies." (*Id.* at p. 94.) ▇ Reciting those well-known principles and policies with regard to summary judgment, and noting "a separate responsive statement is not an end in itself" (*id.* at p. 99), the court stated, "[*The*] *procedural rules for the protection of the opposing party are stripped away when the court grants the motion because of a procedural error by the opposing party.* In that case, the moving party's affidavits are not strictly construed. They are not construed at all. The court does not decide whether the undisputed facts entitle the moving party to a judgment as a matter of law. No consideration of the merits takes place. Granting the motion on purely procedural grounds amounts to a windfall for the moving party." (*Id.* at p. 97, italics added.) Echoing the *Gilbertson* court, it deemed such a result " 'fundamentally unjust' " under the circumstances. (*Id.* at p. 98.)

Even those cases affirming summary judgments where the opposing party's separate statement has been inadequate implicitly support our conclusion. Indeed, in our extensive review, we have found no case in which affirmance can be attributed solely to the opposing party's failure to file a separate statement. For instance, in *Blackman* v. *Burrows* (1987) 193 Cal.App.3d 889 [238 Cal.Rptr. 642], a motion for summary judgment was granted because the trial court refused to consider the untimely and improperly-filed opposition papers at all *and* because even if the opposition were considered, it did not contain the requisite separate statement. (*Id.* at pp. 892-893.) In its affirmance, the appellate court found no abuse of discretion for a variety of reasons, such as, the moving party had objected to the lack of a separate statement, the trial court explicitly based its decision on that and other grounds, the opposing party was given an opportunity to file a proper separate statement in its motion for reconsideration but failed to cure the defect, and the record as a whole established the clear need for a separate statement "to match up" the issues and evidence of the moving and opposing parties. (*Blackman* v. *Burrows, supra,* 193 Cal.App.3d at p. 894.)

In *Reid* v. *State Farm Mut. Auto. Ins. Co.* (1985) 173 Cal.App.3d 557 [218 Cal.Rptr. 913], although the court states the opponent's lack of a separate

statement "alone justifies the granting of State Farm's motion for summary judgment" (*id.* at p. 572), it also notes the plaintiff, in opposition to State Farm's voluminous declarations and documentary evidence as capsulized in its separate statement, presented only her attorney's declaration containing extracts from the deposition of State Farm's insured. (*Id.* at p. 566, fn. 6.) Further, the plaintiff "essentially either conceded [State Farm's facts] were undisputed, admitted such testimony was made, or merely stated that he had no independent knowledge on which to dispute or verify such facts." (*Id.* at p. 566.) Those uncontradicted facts were dispositive of the issues to be determined. Thus the lack of an adequate separate statement does not and cannot explain the affirmance of the summary judgment which was equally warranted on its merits in light of all the papers.

And, although in *Sacks* v. *FSR Brokerage, Inc.* (1992) 7 Cal.App.4th 950 [9 Cal.Rptr.2d 306], the court affirmed a summary judgment for the plaintiff where the defendant had failed to file the requisite document, it noted there was much more involved: "The motion for summary judgment was . . . granted not merely because the moving party had adequately supported each of its issues but also because [the defendant] offered no 'contrary evidence [or] arguments in opposition.' " (*Id.* at p. 960.) The *Sacks* court found the trial court's order "consistent with the procedural requirements of the summary judgment statute regarding the necessity of a separate statement of disputed facts" (*id.* at p. 961), but notably added, "Moreover, [the defendant's] response amounted to more than a mere defect in the opposition papers [citation]; it was a conscious and fundamental choice to fail to respond substantively and on the merits, a choice which warranted the court's grant of summary judgment." (*Sacks* v. *FSR Brokerage, Inc., supra,* 7 Cal.App.4th at p. 961.)

When the above cases are considered as a whole, and in light of the statutory language, a common theme emerges: The trial court may not grant summary judgment based on the opposing party's failure to file an adequate separate statement in a vacuum: It must first consider all of the submitted papers to determine whether there are triable issues of fact and whether the moving party is entitled to summary judgment as a matter of law.

## CONCLUSION

Our interpretation does not strip the trial court of its discretion to grant a summary judgment based on an inadequate opposing separate statement. Nor does it mean that in reality the court will never be able to exercise its discretion.

Here, of course, the Kulesas' legal argument was simple and easy to find, and the evidentiary proof, equally accessible, was absolutely dispositive.[11] But such will not always be the case. As the above discussed cases demonstrate, the court *may* have discretion to grant the motion when the matter is complex and the opposing party buries its triable issues of fact in voluminous exhibits or presents its legal points in prolix, convoluted rhetoric. To say the trial court has no discretion to grant a summary judgment without first looking at all of the papers submitted is not to say the trial court has a duty to grope its way through a maze of arguments and reams of documents, searching for obscure traces of triable issues of material fact.

The judgment is reversed. The case is remanded for further proceedings in accordance with this opinion. The Kulesas shall recover their costs on appeal.

Wallin, Acting P. J., concurred.

**RYLAARSDAM, J.**—I respectfully dissent and would affirm the decision of the trial court.

I agree with the majority that respondents' continued representation of appellants should be dispositive and would reverse, *if this issue had been properly presented to the trial court.*

The requirement for a separate statement contained in Code of Civil Procedure[1] section 437c, subdivision (b), when read in conjunction with the provisions of subdivision (o)(2), required appellants to assert the tolling of the statute of limitations based on the asserted "continued representation" in their separate statement of disputed facts. The trial court was entitled to decide the case on the basis of how it was presented and, specifically, to assume all relevant facts were presented in the statutorily required separate statement.

Respondents, the moving parties, submitted a separate statement containing only three material facts: (1) the complaint for legal malpractice was filed on December 16, 1991; (2) the underlying case was based on an automobile accident which occurred on January 12, 1989; and (3) the claims in this action were based upon a failure to sue Ford and Allied-Signal, the vehicle and seat belt manufacturers, and a failure to assert a loss of consortium claim. Appellants' separate statement only responded to these factual assertions and admitted they were undisputed, except appellants expanded

---

[11]The uncontradicted evidence submitted by the Kulesas regarding continued representation actually *eliminated* any triable issue of fact as to *tolling.* The Kulesas, however, failed to seek a summary adjudication of the statute of limitations. On remand, this issue must be decided in favor of the Kulesas as a matter of law.

[1]All further statutory references are to the Code of Civil Procedure.

upon the claims asserted in their complaint in response to item (3). Appellants failed to assert any fact concerning continued representation in their separate statement. Therefore, an examination of the admitted facts leads to the conclusion that the statute of limitations in the underlying case ran on January 12, 1990, that the legal malpractice action was therefore barred after January 14, 1991 (January 12, 1991, was a Saturday), and that the legal malpractice action was not filed until the latter date had passed.

Once the facts asserted in respondents' separate statement were conceded, respondents had met their burden under the provisions of section 437c, subdivision (o)(2) by showing that more than one year had elapsed between the accrual of the cause of action for legal malpractice and the filing of appellants' complaint. Under this subdivision, the burden then shifted to appellants "to show that a triable issue of one or more material facts exists . . . ." A plaintiff has the burden to establish facts supporting the tolling of a statute of limitations. (See *Sullivan* v. *Shannon* (1938) 25 Cal.App.2d 422, 427-428 [77 P.2d 498]; also see *Union Bank* v. *Superior Court* (1995) 31 Cal.App.4th 573 [37 Cal.Rptr.2d 653].) Under section 437c, subdivision (b) appellants were required to state such facts in their separate statement. The fact of continued representation, if supported by admissible evidence, would have satisfied their burden. They failed to make any reference to this fact in their separate statement. The very purpose of the separate statements as required in subdivision (b) is defeated if we impose an obligation on the trial court to consider evidence not referred to in a separate statement to determine whether the motion for summary judgment should be denied or granted.

The purpose of the separate statement is explained in the quotation from Weil and Brown, California Practice Guide: Civil Procedure Before Trial (The Rutter Group 1996) paragraph 10:94.1, pages 10-31 to 10-32 in the majority opinion: "This statement and the opposing separate statement . . . are intended to permit the judge to *determine quickly* whether the motion is supported by sufficient undisputed facts. If the opposing statement disputes an essential fact alleged in support of the motion, the judge merely has to review the evidence cited in support of that fact. This saves the judge from having to review all the evidentiary materials filed in support of and in opposition to the motion." (Maj. opn., *ante*, at p. 113.) To ignore this practical device and treat it as a mere technicality serves to deprive the busy trial judge of an efficient tool specifically provided by the code to facilitate consideration of motions for summary judgment.

The majority reaches its conclusion by comparing permissive and mandatory language in separate parts of the much-amended section 437c. The portion of subdivision (b) dealing with the responding party's obligations

with respect to a separate statement, unambiguously permits the court to grant the motion upon a failure to comply with the requirement: such failure ". . . may constitute a sufficient ground, in the court's discretion, for granting the motion." By holding subdivision (c)'s requirement that the court consider all the evidence trumps subdivision (b)'s authorization to rely on the separate statement, the majority, in effect, has deleted that portion of the statute which empowers the court to so rely on the separate statements. The majority has the Legislature telling the trial court: "You may grant the motion solely because the opposing party fails to comply with the requirements for a separate statement but you shall not do so." Since subdivision (c) states the trial court "shall" grant a motion for summary judgment when that subdivision's requirements are satisfied, a construction of the statute which permits the trial court to exercise its discretionary authority to grant the motion under subdivision (b) *only* after subdivision (c)'s requirements are established, renders subdivision (b) meaningless.

Our task should be to reconcile the two parts of the statute so that each may be given effect. "Significance, if possible, should be attributed to every word, phrase, sentence and part of an act in pursuance of the legislative purpose, as 'the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole.' " (*DeYoung* v. *City of San Diego* (1983) 147 Cal.App.3d 11, 18 [194 Cal.Rptr. 722].) The majority holding violates this basic rule of statutory construction by effectively denying any significance to the portion of the statute empowering the court to grant the motion for failure to comply with the separate statement requirement.

The two parts of the statute can be reconciled. Where there is substantial compliance with the separate statement requirement, that is, if each relevant fact is at least alluded to, the obligation of the court to "consider all of the evidence set forth in the papers" imposed by section 437c, subdivision (c) would arise. However, where, as here, the central determinative fact is not referenced at all, we should not burden the trial court with a duty to search the evidence to determine whether some fact not mentioned in the separate statement might require either a grant or denial of the motion.

Contrary to obvious legislative intent, the majority will now require the trial judge to search the evidentiary materials for items not referred to in the separate statement, thus frustrating the very purpose of the separate statement requirement.

Respondents' petition for review by the Supreme Court was denied October 16, 1996.