943 So.2d 1194 (2006)
TOO EASY ENTERTAINMENT, LLC
v.
SEVEN ARTS PICTURES, INC., Asylum Productions UK Limited, and Peter Hoffman.
Too Easy Entertainment, LLC.
v.
Seven Arts Pictures, Inc., Asylum Productions UK Limited, and Peter Hoffman.
Nos. 2006-CA-0015, 2006-CA-0515.
Court of Appeal of Louisiana, Fourth Circuit.
September 20, 2006.
Order Granting Rehearing December 7, 2006.
James M. Garner, Timothy B. Francis, Joshua S. Force, Christopher C. Chocheles, Sher Garner Cahill Richter Klein & Hilbert, L.L.C., New Orleans, LA, For Plaintiff/Appellee.
Michael P. Arata, Eugene J. Radcliff, Shannon Ruddy, Jason A. Cavignac, Montgomery Barnett Brown Read Hammond & Mintz, LLP, New Orleans, LA, for Defendants/Appellants.
(Court composed of Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, Judge DAVID S. GORBATY).
DAVID S. GORBATY, Judge.
In this appeal, defendants aver that the trial court erred in granting summary judgment against them. Defendants also appeal the trial court's award of sanctions and attorneys' fees. For the reasons set forth below, we affirm in part and reverse and remand in part.

FACTS AND PROCEDURAL HISTORY
This case arises out of a series of intermingled, multi-party agreements, including a Loan Agreement, a Promissory Note Secured by Mortgage of Copyright *1195 ("Promissory Note"), a Mortgage of Copyright, and a Security Agreement and Personal Guaranty, all executed on or about August 18, 2003, as well as an Intercreditor Agreement executed by numerous parties on October 13, 2003, and a Deed of Release Relating to Asylum executed on April 5, 2004.
Too Easy Entertainment, LLC ("Too Easy") is a company whose sole member is professional basketball star Baron Davis. Defendants Seven Arts Pictures, Inc. ("Seven Arts") and Asylum Productions UK Limited ("Asylum UK") are corporations with their principal place of business in California. Defendant Peter M. Hoffman, a citizen of the state of California, originally guaranteed the Loan Agreement pursuant to the Personal Guaranty. The various agreements by and between Too Easy, Seven Arts, and Asylum UK were related to several other international finance and production agreements regarding financing and production of the motion picture "Asylum," produced and filmed in Ireland.
Too Easy filed suit, alleging that Seven Arts and Asylum UK failed to pay the amount of $1,505,000.00 advanced by Too Easy under the Loan Agreement, and that Hoffman was personally obligated to pay this amount under the Personal Guaranty. Defendants, in answer to Too Easy's claims, alleged, among other things, that (1) the principal amount was not then due by reason of the Intercreditor Agreement; (2) that the principal amount was, in fact, only $1,250,000, with the balance being usurious interest under California law; and (3) that Too Easy exonerated Hoffman under California law as a surety of the principal amount when in the Deed of Release Too Easy waived its security interest in the motion picture without Hoffman's consent. After a hearing, the trial court granted summary judgment in favor of Too Easy and ordered defendants to pay Too Easy $1,505,000 in the principal amount of the loan, $40,000.00 in liquidated damages, ten percent interest compounded annually, and attorneys' fees and costs. Defendants subsequently filed a devolutive appeal, which bears docket number 2006-CA-0015.
In August 2005, Too Easy filed a Motion for Award of Attorneys' Fees and a Motion to Examine Judgment Debtors ("JD Exams") to discover what assets defendants had available to satisfy the judgment. Hurricane Katrina forestalled any immediate action on these motions. The trial court ordered defendants to appear for JD Exams on December 8, 2005. Defendants did not appear, but instead that morning filed a Motion for Protective Order that argued that defendants had not been properly served with the order setting the JD Exams. The trial court denied defendants' motion and ordered defendants to appear for the JD Exams on January 4, 2006. Defendants did not appear at this hearing, and the trial court sanctioned defendants in the amount of $5,000.00 and held them in contempt of court. At that time, the trial court also awarded attorneys' fees in the amount of $495,611.41. Defendants filed another appeal, which bears docket number 2006-CA-0515. This appeal was subsequently consolidated with the earlier appeal.
DISCUSSION
The parties agreed that California law would govern the Loan Agreement, the Intercreditor Agreement, the Personal Guaranty, and the Promissory Note. The parties further agreed that the Deed of Release is subject to English law.
Defendants assert that the trial court erred in granting summary judgment. The California Code of Civil Procedure, Section 437c(c), provides that summary judgment shall be granted only if there is *1196 "no triable issue as to any material fact." Section 437c(p)(1) provides further that the burden is on the mover to establish that there are no triable issues as to any material facts. The cases are clear that all doubts are to be resolved against the moving party and the issue is reviewed de novo on appeal. See WYDA Assoc. v. Merner, 42 Cal.App.4th 1702, 1709, 50 Cal.Rptr.2d 323 (1996); Kulesa v. Castleberry, 47 Cal. App.4th 103, 112, 54 Cal.Rptr.2d 669 (1996).
Plaintiff's Motion for Summary Judgment states that "Defendants have not repaid a single cent of the money loaned to them by Too Easy." Defendants assert that this contention is false and is directly contradicted by the documents Too Easy presented in support of the summary judgment (Section 8.4 of the Intercreditor Agreement), and the uncontroverted testimony of Peter M. Hoffman via affidavit.
Defendants argue that the Loan Agreement references an advancethe "Principal"in the amount of $1,505,000. However, as stated by Hoffman in his affidavit, $300,000 of this amount was immediately repaid to Too Easy's sole member, Baron Davis, as a fee for advancing the Principal. ($50,000 of the $300,000 was actually paid to Too Easy's broker, Marlon Muller.) Additionally, three months after executing the Loan Agreement, Too Easy executed the Intercreditor Agreement, whereby Too Easy agrees in Section 8.4(a)(i) that the "repayment amount" of the Loan Agreement was $1,250,000 and not $1,505,000. Specifically, the Intercreditor Agreement states, "the proceeds of the Too Easy Territory Collateral shall be paid directly into the CNB Collection Account, until such time as Too Easy has received the amount due to Too Easy pursuant to the Too Easy Loan Documents up to the aggregate sum of One Million Two Hundred Fifty Thousand Dollars ($1,250,000), if and to the extent advanced to Borrowers thereunder and, after such payment, shall be paid directly to Comerica."
The conflict between the Loan Agreement, which purports to reflect a Principal of $1,505,000, and the Intercreditor Agreement, wherein Too Easy agrees that the Principal due under the Loan Agreement is $1,250,000, reflects one of the numerous glaring material factual and legal disputes at issue in this case. The Intercreditor Agreement was executed by Too Easy three months after it executed the Loan Agreement, and three months after Davis was paid a "producer fee" for advancing the Principal. Defendants, citing to Hoffman's affidavit, argue that the "producer fee" was, in fact, disguised interest under California law, rendering the Loan Agreement usurious on its face. The usury issue raises more issues of material fact that were not addressed in the trial court.
Further, the trial court did not have an opportunity to examine the amount of debt allegedly past due because the defendants did not raise the issue in their motion for summary judgment. Considering that we are conducting a de novo review and the matter is properly before this court, Too Easy's assertion that we do not have to consider the defendants' argument is without merit. Additionally, Too Easy asserts that the "Intercreditor Agreement" does not affect the rights created in the other loan documents. However, the interpretation of the parties' agreement in totem cannot be discerned without the consideration of the language contained in all of the contractual documents.
Appellee also argues that the allegation of the $300,000 payment is parole evidence that cannot be used to contradict express terms in a written contract. California's parole evidence rule is codified in California Code of Civil Procedure Section 1856, which provides that (a) when "the validity *1197 of the agreement is the fact in dispute this section does not preclude evidence relevant to the issue" and (b) the "terms set forth in a writing . . . may be explained or supplemented . . . by course of performance . . ." Proof of the payment and its effect on the Usury Issue is not in any way prevented by Section 1856.
Further, defendants assert that there has been inadequate discovery in this matter. Defendants attempted to conduct the depositions of Too Easy and Davis on three separate occasions, but these depositions have not yet taken place. Accordingly, prior to the hearing on the Motion for Summary Judgment, the trial court had no testimony or reliable discovery to determine if Too Easy's claims had any merit. Indeed, the only sworn testimony in this matter has been the uncontroverted Affidavit of Hoffman. Hoffman's testimony clearly establishes triable issues of fact and law. We therefore conclude that the defendants' assignment of error has merit. The motion for summary judgment was improperly granted, and this case must be remanded. In light of this ruling, defendants' argument concerning excessive attorneys' fees is moot.
In their last assignments of error, defendants argue that the trial court improperly denied their Motion for Protective Order. Additionally, defendants aver that the trial court erred in holding them in contempt of court and issuing sanctions.
Defendants did not appear for the judgment debtor examinations scheduled for December 8, 2005. The trial court at that time ordered them to appear for JD Exams on January 4, 2006, and set that as a hearing date for the Motion for Sanctions that Too Easy planned to file as a result of defendants' failure to appear for the December JD Exams. When, on January 4, 2006, defendants again failed to appear for their JD Exams, the trial court granted Too Easy's Motion for Sanctions, held defendants in contempt, and awarded Too Easy $5,000. On appeal, defendants claim that the trial court erroneously denied their motion seeking protection from the JD Exams, held defendants in contempt, and clearly abused its discretion in sanctioning them.
La. C.C.P. art. 2456 provides that, if a judgment debtor has been served with an order setting a JD Exam and refuses to appear, the "judgment debtor may be punished for contempt." Here, defendants had been properly served with orders setting JD Exams in December and January. Because defendants failed to adhere to the orders and appear for the JD Exams, the trial court had full discretion to punish them. The court's exercise of its discretion was not erroneous or abusive. Thus, we find that these assignments of error lack merit, and we affirm this portion of the trial court's judgment.
MOTIONS
The outstanding Motions to Supplement the Record are hereby GRANTED.
Further, since the two appeals have been consolidated, the Motion to Strike Defendants' Assignments of Error filed by appellee is moot.
CONCLUSION
Accordingly, for the foregoing reasons, we reverse the trial court's ruling granting the Motion for Summary Judgment, and remand this matter for proceedings not inconsistent with this ruling. We affirm the portion of the trial court's judgment as it pertains to the Motion for Protective Order and sanctions awarded.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

ORDER
Considering the foregoing motion on the application for rehearing, this motion is hereby GRANTED.[1]
/s/ James F. McKay III
JUDGE JAMES F. MCKAY III
/s/ Michael E. Kirby
JUDGE MICHAEL E. KIRBY
/s/ Terri F. Love
JUDGE TERRI F. LOVE
NOTES
[1] A former member of the original panel has recused.