Filed 7/28/14  Riazati v. County of San Diego CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MANUCHEHR RIAZATI,<br><br>    Plaintiff and Appellant<br><br>    v.<br><br>COUNTY OF SAN DIEGO,<br><br>    Defendant and Respondent. | D063941<br><br><br>(Super. Ct. No. 37-2011-00103239-CU-MC-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County,

Randa Trapp, Judge.  Affirmed.

Manuchehr Riazati, in pro. per., for Plaintiff and Appellant.

Thomas E. Montgomery, County Counsel, and George W. Brewster, Jr., Chief

Deputy County Counsel, for Defendant and Respondent.


Manuchehr Riazati, appearing in propria persona, appeals from a judgment entered

in favor of respondent County of San Diego (the County).  Riazati asserts the trial court

erred when it sustained the County's demurrer to his first amended complaint without

leave to amend. Because Riazati has failed to provide an adequate record on appeal, we cannot conclude the trial court erred. Accordingly, we affirm the judgment.

DISCUSSION

A demurrer may be sustained without leave to amend where the facts are not in dispute and the nature of the appellant's claim is clear but, under substantive law, no liability exists. (*Seidler v. Municipal Court* (1993) 12 Cal.App.4th 1229, 1233.) In conducting our appellate review, we presume that a judgment or order of a lower court is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Thus, a party challenging a judgment or an appealable order "has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) If the appellant fails to provide an adequate record to support a claim, the issue must be resolved in favor of the respondent. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.) Finally, although Riazati is representing himself in this litigation, the rules of civil procedure apply with equal force to self-represented parties as they do to those represented by attorneys. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

The appellate record supplied by Riazati is limited to the minute order sustaining the demurrer without leave to amend, the notice designating record on appeal and the notice of appeal. Riazati is asking us to evaluate the trial court's order sustaining the County's demurrer to his first amended complaint, but did not provide us with a copy of that pleading, the County's demurrer or his opposition thereto (if any). Accordingly, Riazati has not overcome the presumption of correctness of the trial court's order.

2

Riazati moved to present additional evidence the day before oral argument. Although this court has authority to augment the appellate record (Cal. Rules of Court, rules 8.410(b) & 8.155(a)), the documents presented do not remedy the above defects. The motion is denied.

## DISPOSITION

The judgment is affirmed.  Respondent is entitled to its costs on appeal.

McINTYRE, J.

WE CONCUR:

McDONALD, Acting P. J.

IRION, J.

3