Filed 4/7/15  Nole v. Bank of New York Mellon CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| STEVEN D. NOLE, | C075104 |
| Plaintiff and Appellant, | (Super. Ct. No. SCV0032749) |
| v. | |
| BANK OF NEW YORK MELLON et al., | |
| Defendants and Respondents. | |

This appeal is from a judgment after the trial court sustained the demurrer without leave to amend of defendants Bank of New York Mellon (formerly Bank of New York), ReconTrust Company, N.A. (ReconTrust), Bank of America N.A. (Bank of America) and Mortgage Electronic Registration Systems, Inc. (MERS).

In the trial court, plaintiff Steven D. Nole sued defendants for the following five causes of action:  (1) cancellation of instruments; (2) violation of the unfair competition law; (3) declaratory relief regarding ownership rights and the validity of the foreclosure process; (4) wrongful foreclosure; and (5) quiet title.

1

On appeal, Nole abandons all but the wrongful foreclosure cause of action and proposes to add two new causes of action -- fraud and negligence -- both of which are based on factual loan modification activities never alleged in the complaint. As to the wrongful foreclosure cause of action, Nole abandons his old theory of liability and argues two new theories on appeal.

We affirm the judgment. As to the wrongful foreclosure cause of action, Nole cannot demonstrate prejudice. As to the fraud and negligence causes of action, they are not proper bases for amendment because they are based on new facts which give rise to a wholly distinct and different legal obligation against defendants.

FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Nole obtained a loan of $286,000 from Countrywide Home Loans secured by a deed of trust to his real property on Peridot Street in Roseville. The deed of trust named Nole as the borrower, Countywide as the lender, ReconTrust as the trustee, and MERS as the beneficiary.

From 2005 until February 2011, Nole paid his mortgage on time.

In April 2011, MERS executed a deed of trust reflecting the assignment of its beneficial interest in the trust to Bank of New York. Bank of America recorded this assignment in May 2011.

In October 2011, ReconTrust issued a notice of default when the loan was more than $27,000 in arrears.

In February 2012, ReconTrust issued a notice of trustee's sale.

In July 2012, the property was sold to a third party, and the unpaid debt at the time of the sale was over $313,000.

In March 2013, Nole filed the instant complaint against Bank of New York Mellon ReconTrust, Bank of America, and MERS. There were five causes of action: (1) cancellation of instruments; (2) violation of the unfair competition law; (3) declaratory relief regarding ownership rights and the validity of the foreclosure

2

process; (4) wrongful foreclosure; and (5) quiet title.  These causes of action were premised on the theory that MERS's assignment of its beneficial interest in the deed of trust was invalid for three reasons:  (1) MERS did not have an ownership interest in the note to convey to Bank of New York Mellon; (2) MERS failed to disclose its principal when assigning its interest in the property to Bank of New York Mellon; and (3) the people who signed the assignment of deed of trust and corporation assignment of deed of trust were " 'robo-signers' " who lacked personal knowledge of the transaction and corporate authority to sign.

In May 2013, defendants filed a demurrer to the complaint.  Nole opposed the demurrer solely based on allegations that MERS and ReconTrust were not qualified to do business in California and that one of the people who signed loan documents on behalf of MERS and Bank of America was an employee only of ReconTrust.

On August 15, 2013, following a hearing, the court sustained the demurrer without leave to amend and entered judgment in favor of defendants.  The court sustained the demurrer on three independent grounds:  (1) "[e]ach of [Nole]'s causes of action fails because [he] fails to allege tender"; (2) "[e]ach of [Nole]'s claims stems from the assertion that defendant MERS did not hold an ownership interest in the promissory note as a matter of law," but Nole "provides no valid support for this contention, which is contradicted by documents of which the court may take judicial notice, as well as applicable law"; and (3) "documents of which the court may take judicial notice demonstrate that [ReconTrust] was authorized to initiate foreclosure proceedings due to [Nole]'s default of his obligation to make mortgage payments under the applicable deed of trust."

Nole did not request reconsideration of the order sustaining the demurrer without leave to amend.

On October 1, 2013, Nole filed a motion requesting leave to file an amended complaint.  The amended complaint alleged causes of action for cancellation of

instruments, violation of the unfair competition law, wrongful foreclosure, and quiet title. The sole basis for the motion to amend was "to make the causes of action and claims more exact and straightforward and in alignment with the recently published case of *Glaski vs. Bank of America National Association, et al* (2013) California Appellate Court, Fifth Division, [*sic*] . . . ."[1] In the declaration of Nole's counsel supporting the motion, counsel stated, "The *Glaski* case provides new case theories and arguments that support [Nole]'s case herein." "[Nole] seeks leave to amend his complaint in conformance with the *Glaski* case." It also included an *unsigned* declaration of Nole that stated he "began seeking a loan modification with Bank of America in 2011" and "[t]he person [with whom he spoke] told [him] that [he] had to miss 3 months of payments before anything could be done." Then, he had to submit and resubmit documents to start the loan modification process. In late July 2012, Nole "verified with [his] representative with Bank of America that all [his] documentation was in order and no foreclosure sale was pending." When he returned from vacation two weeks later he "learned that Bank of America had proceeded to foreclose on [his] home, even though [he] had been assured that [his] loan modification application was being processed and that no foreclosure sale was pending."

---

[1] In *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079, the court held that the plaintiff stated a cause of action for wrongful foreclosure under the theory that the entity invoking the power of sale was not the holder of the deed of trust. The problem was an ill-fated glitch in the securitization of the loan and a violation of New York law. Simply put, the plaintiff's loan was not transferred into the securitized trust before it closed, and therefore, the transfers were ineffective. (*Glaski*, at p. 1082.) The court wrote, "Transfers that violate the terms of the trust instrument are void under New York trust law, and borrowers have standing to challenge void assignments of their loans even though they are not a party to, or a third party beneficiary of, the assignment agreement." (*Id*. at p. 1083.)

4

On October 21, 2013, following a hearing, the court denied the motion requesting leave to file the amended complaint because the court lacked jurisdiction to entertain it, as it had already sustained the demurrer without leave to amend.

Nole filed a timely notice of appeal.

DISCUSSION

I

*Standard Of Review*

A demurrer may be sustained without leave to amend where the facts are not in dispute and the nature of the plaintiff's claim is clear but, under substantive law, no liability exists. (*Seidler v. Municipal Court* (1993) 12 Cal.App.4th 1229, 1233.) On appeal from a judgment of dismissal after an order sustaining a demurrer without leave to amend, we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.) We give the complaint a reasonable interpretation and treat the demurrer as admitting all material facts properly pleaded, but we do not assume the truth of contentions, deductions, or conclusions of law. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.) It is the plaintiff's burden to show either that the demurrer was sustained erroneously or that the trial court's denial of leave to amend was an abuse of discretion. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655.)

II

*The Trial Court Did Not Abuse Its Discretion In Denying*

*Nole Leave To Amend Regarding The Wrongful Foreclosure*

*Cause Of Action Because Nole Was Not Prejudiced*

The wrongful foreclosure cause of action in the complaint was based on three theories: (1) MERS lacked an ownership interest in the note to convey to Bank of New York Mellon; (2) MERS failed to disclose its principal when it assigned its beneficial

5

interest to Bank of New York Mellon, making the assignment void; and (3) the people who signed the foreclosure documents on MERS's behalf were " 'robo-signers.' "

On appeal, Nole changes his theories of liability for wrongful foreclosure to the following two theories: (1) MERS lacked the power to transfer the loan, declare the default, and authorize the foreclosure because there was "no plain or conspicuous language" in the deed of trust "telling Nole that MERS has the power to foreclose, or the power to transfer his loan";[2] and (2) MERS transferred its beneficial interest to Bank of New York Mellon as trustee for certificate holders of a trust that may have closed before the transfer was made, and thus, the transfer "could well have been void," which finds support in *Glaski*.[3] He claims the court abused its discretion in not allowing him leave to amend his complaint to allege these theories of liability because they are "based on undisputed facts" in the deed of trust.

---

[2] Under this theory, the alleged ambiguity about MERS's role infected the entire chain of title, such that no entity was empowered to take any action when Nole stopped paying back his loan.

[3] Several courts, including ours, both before and after *Glaski* have reached the opposite conclusion. (E.g., *Mendoza v. JPMorgan Bank, N.A.* (2014) 228 Cal.App.4th 1020, review granted Nov. 12, 2014, S220675; *Keshtgar v. U.S. Bank, N.A.* (2014) 226 Cal.App.4th 1201, review granted Oct. 1, 2014, S220012; *Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75; *Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495; *Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497; *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256.) Federal courts have likewise largely rejected *Glaski* as unpersuasive. (See *Kan v. Guild Mortgage Co.* (2014) 230 Cal.App.4th 736, 744 [collecting cases].) In particular, the Second Circuit Court of Appeals has rejected *Glaski's* analysis, holding that under New York law an improper transfer to an investment trust is voidable, not void, and thus a third party plaintiff has no standing to challenge such a transfer. (*Rajamin v. Deutsche Bank National Trust Co.* (2d Cir. 2014) 757 F.3d 79, 90.) Our court has rejected *Glaski's* holding in *Mendoza.*

6

The court did not abuse its discretion in denying Nole leave to amend his complaint with respect to the wrongful foreclosure cause of action because Nole could not have been prejudiced.

In *Dick v. American Home Mortgage Servicing, Inc.* (E.D.Cal., Sept. 18, 2013, No. 2:13-00201 WBS CKD) 2013 U.S. Dist. Lexis 133755 (*Dick*), the court did not attempt to distinguish or explain *Glaski* because it found the wrongful foreclosure claim failed for lack of prejudice. The court explained: "California courts find a lack of prejudice when a borrower is in default and cannot show that the allegedly improper assignment interfered with the borrower's ability to pay or that the original lender would not have foreclosed under the circumstances. See *Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75 . . . ('The assignment of the deed of trust and the note did not change [plaintiffs'] obligations under the note, and there is no reason to believe that . . . the original lender would have refrained from foreclosure in these circumstances.'); *Herrera v. Federal National Mortgage Association* (2012) 205 Cal.App.4th 1485, 1508 . . . (finding no prejudice from assignment of loan where borrowers defaulted on the loan and failed to tender and cure default); *Fontenot* [*v. Wells Fargo Bank, N.A.*(2011)] 198 Cal. App. 4th [256,] 272 (finding no prejudice where borrower was in default and did not allege that transfer of note interfered with borrower's ability to pay).

"Plaintiffs acknowledge they were in default of their loan. [Citation.] They do not allege that the allegedly improper transfer interfered with their ability to pay their note, or that the original lender would have refrained from foreclosure under the circumstances. The allegedly improper 'assignment merely substituted one creditor for another, without changing [plaintiffs'] obligations under the note.' *Fontenot*, [*supra*,] 198 Cal.App.4th at [p.] 272. Plaintiffs do not allege they could have met these obligations, and thus any defects in the foreclosure were not prejudicial to plaintiffs. Accordingly, the court will

7

grant the moving defendants' motion to dismiss plaintiffs' claim for wrongful foreclosure." (*Dick*, *supra*, 2013 U.S. Dist. Lexis 133755 at pp. *8-*9.)

We agree with *Dick* that whether a plaintiff homeowner's challenge is to defects arising in the foreclosure proceedings or during the securitization process, he must demonstrate prejudice. In *Fontenot*, *supra*, 198 Cal.App.4th 256, the court explained: "Even if MERS lacked authority to transfer the note, it is difficult to conceive how plaintiff was prejudiced by MERS's purported assignment, and there is no allegation to this effect. Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note. Plaintiff effectively concedes she was in default, and she does not allege that the transfer to HSBC interfered in any manner with her payment of the note . . . , nor that the original lender would have refrained from foreclosure under the circumstances presented. If MERS indeed lacked authority to make the assignment, the true victim was not plaintiff but the original lender, which would have suffered the unauthorized loss of a $1 million promissory note." (*Id*. at p. 272.)

Nole's cause of action for wrongful foreclosure is akin to those in *Dick*. The undisputed evidence showed Nole had defaulted on the loan, and he asserted no factual allegations that the asserted improprieties alleged in this cause of action negatively affected his ability to pay or prevented him from curing his defaults. Nole remained liable for his indebtedness and we can discern nothing in the complaint demonstrating that the alleged wrongful foreclosure prejudiced him.

III

*Nole Is Not Permitted To Amend His Complaint To State Facts Giving*

*Rise To Wholly Distinct And Different Legal Obligations Against Defendants*

For the first time, Nole contends he should be allowed to amend his complaint to allege causes of action for fraud and negligence, "both based on the mishandling of his

8

loan modification application." We disagree, because in this proposed amendment, Nole is attempting "to state facts which give rise to a wholly distinct and different legal obligation against . . . defendant[s]." (*Klopstock v. Superior Court* (1941) 17 Cal.2d 13, 20.) We explain.

" 'The power to permit amendments is interpreted very liberally as long as the plaintiff does not attempt 'to state facts which give rise to a wholly distinct and different legal obligation against the defendant.' (*Klopstock v. Superior Court*[,*supra*,] 17 Cal.2d [at pp.] 19-20.) 'Great liberality is indulged in matters of amendment to the end that lawsuits may be determined upon their merits.' [Citation.] 'A change of theory as to the basis of recovery or as to the measure of damages is not a change of cause of action or the substitution of a new and different action for the original.' " (*Herrera v. Superior Court* (1984) 158 Cal.App.3d 255, 259.) In *Herrera*, the appellate court allowed the amendment of the complaint because "the causes of action in the amended complaint were different legal theories *arising from the same basic facts*." (*Ibid*., italics added.)

Here, the facts are wholly different. Nole's complaint never mentioned that he pursued loan modification or alleged facts supporting causes of action based on loan modification activities. His opposition to defendants' demurrer also did not mention any facts relating to loan modification. Nor did the belated amended complaint allege causes of action for fraud or negligence. The sole basis for the motion to amend was "to make the causes of action and claims more exact and straightforward and in alignment with *Glaski*. It then, however, included an unsigned declaration of Nole that stated he "began seeking a loan modification with Bank of America in February 2011" and "[t]he person [with whom he spoke] told [him] that [he] had to miss 3 months of payments before anything could be done." Then, he had to submit and resubmit documents to start the loan modification process. In late July 2012, Nole "verified with [his] representative with Bank of America that all [his] documentation was in order and no foreclosure sale was pending." When he returned from vacation two weeks later he "learned that Bank of

America had proceeded to foreclose on [his] home, even though [he] had been assured that [his] loan modification application was being processed and that no foreclosure sale was pending."

Using these different facts, Nole now contends for the first time that he should be allowed to amend his complaint to alleged causes of action for fraud and negligence. He is barred from doing so because in this amendment, Nole is attempting to state facts which give rise to a wholly distinct and different legal obligation against defendants.

Notwithstanding *Klopstock* and *Herrera*, Nole contends that a case from our court, *Connerly v. State of California* (2014) 229 Cal.App.4th 457 (*Connerly*) compels a different result. We are not persuaded. In *Connerly*, this court held that where the plaintiff Connerly "ha[d] not strayed from his central factual claim," he was allowed to "propose new facts or theories to show the complaint can be amended to state a cause of action, thereby showing the trial court 'abused its discretion' ([Code Civ. Proc.,]§ 472c, subd. (a)) in not granting leave to amend."[4] (*Connerly*, at p. 460.) Connerly's change of legal theory on appeal was that the process of selecting commissioners for the California Citizens Redistricting Commission violated the federal equal protection clause. (*Connerly*, at p. 461-462) His complaint in the trial court had alleged that "the method of selecting members of the Commission violated Proposition 209 (Cal. Const., art. I, § 31), in that it gave improper preferences based on race, ethnicity, and gender." (*Connerly*, at p. 461.) His amended complaint also in the trial court had added "that the 'Applicant Review Panel' also improperly consider[ed] race, ethnicity, and gender." (*Connerly*, at p. 462.) In allowing Connerly leave to amend his complaint to allege the violation of the

---

**4** Code of Civil Procedure 472c, subdivision (a) reads as follows: "When any court makes an order sustaining a demurrer without leave to amend the question as to whether or not such court abused its discretion in making such an order is open on appeal even though no request to amend such pleading was made."

10

federal equal protection clause that he proposed for the first time on appeal, this court explained that where "Connerly ha[d] not strayed from his central factual claim that the composition of the Commission was infected by invidious discrimination[,] [t]here [wa]s no reason to deviate from the well-established rule that section 472c allows a plaintiff to propose new theories on appeal from the sustaining of a demurrer without leave to amend." (*Connerly*, at p. 464.) "[A] mere change in legal theory does not change the nature of the factual dispute." (*Connerly*, at pp. 463-464.) Here, however, Nole is trying to amend his complaint for the first time on appeal to allege causes of action for fraud and negligence based on facts related to loan modification activities. These facts were never alleged in the complaint and these facts were never part of his earlier central factual claim that was based on alleged defects in the assignment of the deed of trust. In effect, Nole is asking us to transform his lawsuit into something entirely new. *Connerly* does not compel us to allow him to do that.

DISPOSITION

The judgment is affirmed. Defendants shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

                                                                ROBIE            , J.

We concur:

      NICHOLSON      , Acting P. J.

      MURRAY        , J.

11